PASCUAL HERNÁNDEZ, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. PEDRO SANTOS BORGES, SUBSTITUTE JUDGE, and JOAN DORSA, Respondents.

No. 98. Argued June 5, 1950.—Decided June 16, 1950.

*Wilson P. Colberg* and *Sarah Torres Peralta* for petitioner.  *E. Martínez Rivera* for Joan Dorsa, respondent.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

On March 9, 1950 the Honorable P. Santos Borges, Judge of the Court of Eminent Domain of Puerto Rico, was acting as judge of the Civil Section of the District Court of San Juan, by virtue of an appointment made by the Attorney General pursuant to Act No. 223 of May 15, 1948.[1]  By reason of this he heard a petition for habeas corpus (civil No. 50–747) filed by Joan Dorsa against Pascual Hernández Díaz, in order that her minor children Frank and John be delivered to her as she alleged that they were illegally under the custody of the defendant.  Said judge rendered judgment by stipulation on March 29, 1950, which was notified to the parties on April 20.  By said judgment he ordered the return of the minors to their mother, subject to certain conditions which it is unnecessary to state here.  Before order of execution was issued, the defendant, even though the minors were under his custody, filed a motion on May 1, 1950 depositing $150 which by virtue of the judgment he

---

[1] Section 1 of Act No. 223 of 1948, in the pertinent part says:

".    .    .    .    .    .    .

"The judges of the Court of Eminent Domain may be designated by the Attorney General, when the circumstances so require, to act as judges of the Tribunal of the Judicial District of San Juan, or of any district court; and when so designated the said judges shall have jurisdiction, power, and competency to take cognizance of any civil, criminal or special matter appertaining to or of the competency of the said Tribunal of the Judicial District of San Juan and of the district courts of Puerto Rico, and shall retain jurisdiction until final judgment is entered in the matters they have taken cognizance of as such district judges."

had to pay to the plaintiff monthly for maintenance and support of the minors. Subsequently, on May 16 he filed a second motion abandoning the first one and requesting that the Clerk of the court return him the afore-mentioned sum of $150. The plaintiff, in turn, filed a motion on May 1 requesting the enforcement of the judgment. Defendant's second motion as well as plaintiff's motion were set to be heard before Judge P. Santos Borges on May 19. Two days prior to the date fixed for the hearing of said motions, the defendant filed a motion assailing the jurisdiction of said judge to hear said motions.

The alleged lack of jurisdiction consisted in that the Honorable Antonio R. Barceló had returned to the Section of Family Relations of the District Court of San Juan and in that Judge Santos Borges had rendered a final judgment in the habeas corpus since March 29, 1950. This motion was argued before said judge who dismissed it.

In order to prevent said judge from taking cognizance of the incidents subsequent to the judgment, the defendant filed a petition for a writ of prohibition which is now before us. We issued it and heard both parties orally and by brief.

██ The appointment of a judge of the Court of Eminent Domain of Puerto Rico to act in the District Court of San Juan or in any district court pursuant to § 1 of Act No. 223 of May 15, 1948 is not limited to substituting for a judge during his absence or incapacity. Such designation lies even though the appointed district judge be acting, whenever the circumstances so require. (See footnote 1.)

In the present case, the communication of the Honorable Attorney General designating the said judge of the Court of Eminent Domain to act in the District Court of San Juan, said:

"In the interests of the administration of justice, I designate you Additional Judge of the District Court, to act in the Civil

540

Section from Monday 13 of the present year, [February, 1950] until further notice."

The fact that the said judge had returned to the Court of Eminent Domain, after having rendered final judgment, does not affect his competence for taking cognizance of the subsequent incidents in the present case since the same judge was designated again to act from June 2 in the Criminal Section of the District Court of San Juan.

We have already decided in *Portela v. District Tribunal*, 66 P.R.R. 268, that Act No. 212 of 1946 created only one District Tribunal of San Juan, and that each one of its judges has power and jurisdiction to entertain any matter which falls within the jurisdiction of the court, notwithstanding the fact that it is divided into different sections for convenience of the work. This being so, a judge of the Court of Eminent Domain of Puerto Rico who, by virtue of the new designation is acting in the District Court of San Juan, has jurisdiction to take cognizance of said incidents with the same authority as any of the appointed judges of the District Court of San Juan.

The writ of prohibition will be annulled.

Mr. Justice Snyder did not participate herein.